UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/20/2021

EDINSON RAMIREZ,

                    Plaintiff,

  -against-

ANDREW SAUL,
COMMISSIONER OF SOCIAL SECURITY,

                    Defendant.

No. 20-cv-2922 (NSR)
**OPINION & ORDER**

NELSON S. ROMÁN, United States District Judge:

      Edinson Ramirez ("Plaintiff") brings this action pursuant to 42 U.S.C. § 405(g) to challenge the decision of the Commissioner of Social Security ("Commissioner" or "Defendant"), denying his application for Social Security Income ("SSI") and Disability Insurance Benefits ("DBI"). Both Plaintiff and Defendant have moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. (ECF Nos. ECF Nos. 13[1] and 15.) This case was referred to Magistrate Judge Judith C. McCarthy and, on July 2, 2021, Judge McCarthy issued a Report and Recommendation ("R&R," ECF No. 20) pursuant to 28 U.S.C. § 636(b) and Federal Rules of Civil Procedure Rule 72(b) recommending that Plaintiff's motion be granted to the extent that the case should be remanded to the Commissioner and that Defendant's motion be denied. For the following reasons, this Court adopts Judge McCarthy's R&R, and remands the matter back to the Social Security Administration for further proceedings.

---

[1] Although Plaintiff's motion was nominally titled a motion for summary judgment pursuant to Fed. R. Civ. P. 56(a), it was correctly treated as a motion for judgment on the pleadings by Judge McCarthy and is referred to as a motion for judgment on the pleadings herein.

**BACKGROUND**

The facts are taken from the R&R, unless otherwise noted. The Court assumes familiarity with the underlying facts concerning Plaintiff's disability, as set forth in the R&R.

Plaintiff applied for DBI on June 21, 2017 and SSI on June 23, 2017, and the basis of his alleged disability began on February 1, 2013 (though the date was amended to June 23, 2017 at the beginning of the administrative hearing). Plaintiff's application was denied on September 13, 2017, prompting Plaintiff to request a hearing before an Administrative Law Judge ("ALJ"). The ALJ hearing was held on February 20, 2019. On March 26, 2019, the ALJ issued a decision denying Plaintiff's application and concluding that Plaintiff was not disabled within the meaning of the Social Security Act. The Appeals Council denied Plaintiff's request for review on March 17, 2020, and Plaintiff timely filed the instant action on April 9, 2020. (ECF No. 1.)

Plaintiff filed a motion for judgment on the pleadings on January 15, 2021 (ECF No. 13) and Defendant filed a cross motion for judgment on the pleadings on March 15, 2021 (ECF No. 15). On July 2, 2021, Judge McCarthy issued the R&R, recommending that this Court grant Plaintiff's motion, remand the case for further administrative proceedings, and deny Defendant's cross-motion. On July 16, 2021, Defendant filed timely written objections to the R&R. (ECF No. 22.) Plaintiff did not file a response.

**STANDARD OF REVIEW**

**I.   Review of a Report and Recommendation**

The Federal Rules of Civil Procedure provide that a magistrate judge may "hear a pretrial matter [that is] dispositive of a claim or defense" if so designated by a district court. Fed. R. Civ. P. 72(b)(1). If so designated, the magistrate judge "must enter a recommended disposition, including, if appropriate, proposed findings of fact." *Id*.; *accord* 28 U.S.C. § 636(b)(1). When reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole

or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court may also "adopt those portions of the [Report and Recommendation] to which no objections have been made and which are not facially erroneous." *West v. Sheahan*, No. 12-CV-08270, 2016 WL 67789, at *1 (S.D.N.Y. Jan. 4, 2016) (quoting *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 170 (S.D.N.Y. 2003)).

However, when a specific objection is made, the district court must review the contested sections *de novo*. *Pizarro v. Bartlett*, 776 F. Supp. 815, 817 (S.D.N.Y. 1991). In a *de novo* review, a district court must consider the "[r]eport, the record, applicable legal authorities, along with Plaintiff's and Defendant's objections and replies." *Diaz v. Girdich*, No. 04-CV-5061(RJH), 2007 WL 187677, at *1 (S.D.N.Y. Jan. 23, 2007) (internal quotation marks and citations omitted). Objections must be "specific and clearly aimed at particular findings" in the Report and Recommendation. *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009).

II. **Review of a Social Security Claim**

Judicial review of social security claims is limited. *Brush v. Berryhill*, 294 F. Supp. 3d 241, 253 (S.D.N.Y. 2018). It is not for the reviewing court "to determine for itself whether the plaintiff was disabled, and therefore entitled to Social Security benefits." *Burke v. Comm'r of Soc. Sec.*, No. 16-CV-6520(KMK)(PED), 2017 WL 6029166, at *2 (S.D.N.Y. Dec. 5, 2017) (citing *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998)). Rather, "the reviewing court considers merely 'whether the correct legal standards were applied and whether substantial evidence supports the decision.'" *Id.* (quoting *Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004), *as amended on reh'g in part by* 416 F.3d 101 (2d Cir. 2005)); *see also Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013) (per curiam). Accordingly, an ALJ's determination is final unless it was "based on legal error" or

is "not supported by substantial evidence." *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (internal quotation marks omitted).

When considering whether substantial evidence supports the ALJ's decision, the Court must "examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotation marks omitted). Nevertheless, "substantial evidence" remains a "very deferential standard of review—even more so than the 'clearly erroneous' standard." *Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012) (citation omitted). "If evidence is susceptible to more than one rational interpretation, the [ALJ's] conclusion must be upheld." *McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014) (citation omitted). "It is not for this Court to substitute its own judgment for that of the [ALJ], even if it might justifiably have reached a different result upon de novo review." *Ortiz v. Berryhill*, No. 17-CV-4751(RWS), 2018 WL 3360755, at *7 (S.D.N.Y. July 10, 2018) (internal quotation marks omitted) (quoting *Jones v. Sullivan*, 949 F.2d 57, 59 (2d Cir. 1991)).

"However, where the proper legal standards have not been applied and might have affected the disposition of the case, [the] court cannot fulfill its statutory and constitutional duty to review the decision of the administrative agency by simply deferring to the factual findings of the ALJ." *Velez v. Colvin*, No. 14-CV-3084(CS)(JCM), 2017 WL 1831103, at *15 (S.D.N.Y. May 5, 2017) (internal quotation marks omitted) (citing *Pollard v. Halter*, 377 F.3d 183, 189 (2d Cir. 2004)). Rather, if the Court determines that the ALJ has applied an improper legal standard, a remand for further proceedings is warranted. *Id.*

## MAGISTRATE'S FINDINGS

Judge McCarthy ultimately concluded that the ALJ failed to fully develop the record in connection with rendering a residual function capacity ("RFC") determination and, accordingly, it

was unable to determine whether the ALJ's decision was supported by substantial evidence, and recommended remanding this matter to the ALJ for further proceedings. (R&R at 25.) To understand this recommendation, the Court begin with a summary of the ALJ proceedings.

In order to assess whether Plaintiff is eligible for benefits based on disability, the ALJ conducted the requisite five-step sequential analysis by analyzing:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a "residual functional capacity" assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin*, 758 F.3d 146, 150 (2d Cir. 2014) (citing *Burgess v. Astrue*, 537 F.3d 117, 120 (2d Cir. 2008); 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v)). In performing this analysis, the ALJ "has an affirmative duty to develop the record." *Vega v. Astrue*, No. 08 Civ. 1525 (LAP)(GWG), 2010 WL 2365851, at *2 (S.D.N.Y. June 10, 2010). Relatedly, when the magistrate or district court reviews an ALJ's decision, the question of "[w]hether the ALJ has satisfied this duty to develop the record is a threshold question." *Smoker v. Saul*, No. 19CV1539(AT)(JLC), 2020 WL 2212404, at *9 (S.D.N.Y. May 7, 2020).

First, in conducting the five-step analysis, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since the alleged disability onset date. (Certified Administrative Record ("R.") (ECF No. 10) at 34; R&R at 16.) Second, the ALJ determined that Plaintiff had seven severe impairments, including: (1) bipolar disorder; (2) schizoaffective disorder; (3) bilateral knee internal derangements; (4) right knee chondromalacia; (5) lumbosacral derangement with myofascitis and lumbar radiculopathy; (6) right wrist internal derangement; and (7) obesity. (R. 33–34; R&R at 16.) Third, the ALJ determined that Plaintiff did not have an

impairment or combination of impairments that met or medically equaled the severity of one of the impairments set forth in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926). (R. 35-37; R&R at 16.) Fourth, the ALJ determined that Plaintiff had RFC to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b) with certain caveats—*e.g.*, not including climbing ladders, ropers or scaffolds—but that Plaintiff did not have RFC to perform his past relevant work as a drywall taper. (R. 37, 42; R&R at 16-17.) Fifth, the ALJ determined that Plaintiff was "capable of making a successful adjustment to other work that exists in significant numbers in the national economy" and that, accordingly, Plaintiff was not disabled as defined by the Social Security Act. (R. 43-44; R&R at 17.)

In reviewing the ALJ's decision, Judge McCarthy concluded that it was not possible to determine whether the ALJ's decision was supported by substantial evidence because the ALJ did not fully develop the record because she failed to obtain medical opinion evidence to support any conclusion as to the RFC determination. The lack of a medical opinion was dispositive because where, as here, a claimant has severe physical limitations, a lay person (like an ALJ) cannot use their common sense to interpret raw medical data to ascertain a claimant's functional limitations. (R&R at 21-25.)

## DISCUSSION OF OBJECTIONS

Defendant primarily objects to the R&R on the grounds that, contrary to Judge McCarthy's assessment, the ALJ had sufficiently developed a record regarding Plaintiff's physical limitations to make a RFC determination. Though it is not framed as a distinct objection, Defendant also asserts that Judge McCarthy's suggestion that the ALJ should obtain a medical opinion pertaining to Plaintiff's alleged psychotropic medication side effects was in error, as Plaintiff has not

established an obvious gap in the record pertaining to alleged side effects.  As discussed below, the Court disagrees with Defendant and adopts the R&R.

**I.     Sufficiency of Medical Record**

There are circumstances where the ALJ may justifiably form the RFC independent of an expert medical opinion.  *See Dougherty-Noteboom v. Berryhill*, 2018 WL 3866671, *10 (W.D.N.Y. 2018) ("[T]he regulations contemplate that the ALJ may form the RFC, at least in part, by making determinations about the 'bare medical findings' independent of an expert medical opinion.").  Where "the record contains sufficient evidence from which an ALJ can assess the claimant's residual functional capacity, a medical source statement or formal medical opinion is not necessarily required." *Monroe v. Comm'r of Soc. Sec.*, 676 F. App'x 5, 8 (2d Cir. 2017) (brackets, quotation mark, and citations omitted) (summary order).

The above notwithstanding, an ALJ may not substitute his or her own judgment for that of competent medical opinion and, therefore, under certain circumstances "an ALJ's determination of RFC without a medical advisor's assessment is not supported by substantial evidence." *Dye v. Comm'r of Soc. Sec.*, 351 F. Supp. 3d 386, 391 (W.D.N.Y. 2019); *see also Wilson v. Colvin*, No. 13-CV-6286P, 2015 WL 1003933, at *21 (W.D.N.Y. Mar. 6, 2015) (noting that "an ALJ is not qualified to assess a claimant's RFC on the basis of bare medical findings, and as a result an ALJ's determination of RFC without a medical advisor's assessment is not supported by substantial evidence").  Where the administrative record does not contain a medical opinion about the claimant's functional limitations, an ALJ is generally required to "recontact the treating source, order a consultative examination, or have a medical expert testify at the hearing" to fully develop the record.  *Wilson*, 2015 WL 1003933, at *22; *see also Calhoun v. Comm'r of Soc. Sec.*, No. 18-CV-6070-FPG, 2019 WL 1949743, at *3 (W.D.N.Y. May 2, 2019) (noting that "[t]he ALJ has an

affirmative duty to develop the administrative record due to the non-adversarial nature of a benefits proceeding").

In order to reconcile the slight tension in the law described above, some courts have distinguished RFC determinations requiring an expert medical opinion from those where lay analysis is sufficient based on the severity of the underlying condition. Accordingly, "[w]here the record primarily discusses a plaintiff's impairments, symptoms, and treatment, but does not shed light on the plaintiff's physical limitations, the ALJ may not rely on the record in determining the plaintiff's RFC." *Cheek v. Comm'r of Soc. Sec.*, No. 1:18-CV-01455 EAW, 2020 WL 2028258, at *4 (W.D.N.Y. Apr. 28, 2020). Where a claimant "has multiple severe impairments and has undergone several surgeries" the ALJ is not in a position to "render a common sense judgment about functional capacity." *Hogans v. Comm'r of Soc. Sec.*, No. 1:19-CV-02737 (SDA), 2020 WL 5496114, at *14 (S.D.N.Y. Sept. 11, 2020) (quoting *Grimmage v. Comm'r of Soc. Sec.*, No. 17-CV-06570 (MAT), 2018 WL 4103184, at *3 (W.D.N.Y. Aug. 29, 2018)); *see also Alamo v. Berryhill*, No. 3:18-CV-00210 (JCH), 2019 WL 4164759, at *4 (D. Conn. Sept. 3, 2019) ("[T]he court finds that remand is required, given the ALJ's failure to seek the additional records from Dr. Kishawi and request medical opinions from any of Alamo's medical sources: the failure to do so resulted in a substantial gap in the record."); *Dale v. Colvin*, No. 15-CV-496-FPG, 2016 WL 4098431, at *4 (W.D.N.Y. Aug. 2, 2016) (interpreting results of lumbosacral and cervical MRIs required more than "a common sense judgment about functional capacity").

At bottom, Defendant in the instant case argues that no medical opinion was necessary in connection with Plaintiff's physical impairment because there was sufficient record evidence. The Court disagrees.

While the ALJ did assess a voluminous record, the lack of an expert medical opinion created a gap in the record needed to render a RFC determination. The ALJ concluded that, on the one hand, Plaintiff "has the following severe impairments: bipolar disorder; schizoaffective disorder; bilateral knee internal derangements; right knee chondromalacia; lumbosacral derangement with myofascitis and lumbar radiculopathy; right wrist internal derangement; and obesity" (R. 34) and, on the other hand, that Plaintiff has the ability to perform "light work with the assessed sit/stand option, the aforementioned postural restrictions, the limitation to frequent, not constant, handling and fingering with the right upper extremity, and no operation of right foot controls" (R. 42). In reaching this conclusion, the ALJ exclusively relied upon an assessment of raw medical data—*e.g.*, the ALJ reviewed, *inter alia*, hospital records, treatment records, and MRI results—and stated that, based on those records, "there is little diagnostic evidence to support the severity of claimant's alleged physical limitations." (R. 42.)

The necessity of an expert medical opinion in the instant case is exemplified by the ALJ's somewhat inconsistent assessments that, on the one hand, Plaintiff suffered from several severe conditions and, on the other hand, based on a review of treatment notes and records, "there is little diagnostic evidence to support the severity of claimant's alleged physical limitations" (R. 42). In other words, the ALJ concluded that Plaintiff suffered from several severe physical conditions but, upon reviewing raw medical data, it could not be concluded that those severe physical conditions would interfere with his ability to perform certain functions. The ALJ erred by basing her RFC determination upon Plaintiff's failure to provide sufficient evidence because the "medical records [upon which she based her RFC determination] discuss [Plaintiff's] illnesses and suggest treatment for them, but offer no insight into how [his] impairments affect or do not affect her ability to work, or her ability to undertake her activities of everyday life." *Guillen v. Berryhill*, 697 F. App'x 107,

9

109 (2d Cir. 2017). As a lay person, the ALJ's attempts to infer how Plaintiff might be able to undertake activities of everyday life based upon, for example, MRI results and treatment notes, "substitute[d] [her] own judgment for competent medical opinion." *Quinto v. Berryhill*, No. 3:17-cv-00024 (JCH), 2017 WL 6017931, at *12 (D. Conn. Dec. 1, 2017) (internal citations omitted). When the ALJ concluded that Plaintiff had not introduced medical records sufficiently establishing how his severe impairments impacted his ability to work, she should have obtained a medical opinion to fill the gaps in Plaintiff's evidentiary submissions.

Accordingly, it is the Court's determination, upon *de novo* review, that Judge McCarthy was correct that there were substantial gaps in the record developed by the ALJ due to the lack of an expert medical report relating to Plaintiff's physical limitations and remands this matter to the ALJ for further proceedings.

## II.   Necessity of Medical Opinion Regarding Side Effects of Psychotropic Medication

Relatedly, Defendant objects to Judge McCarthy's recommendation that, on remand, the ALJ should obtain a medical opinion pertaining to Plaintiff's alleged psychotropic medication side effects. The Court does not construe the remarks identified by Defendant as an independent basis for remand. Instead, Judge McCarthy expressly stated that "the Court declines to address Plaintiff's contention that the ALJ failed to properly consider the side effects of his medications." (R&R at 25.) The Court also declines to address Plaintiff's remaining arguments regarding alleged deficiencies in ALJ's determination after having concluded that the record was inadequate.

Judge McCarthy recommended that the ALJ solicit a medical opinion concerning the impact of psychotropic medications on Plaintiff's ability to perform work-related functions. (R&R at 25-26.) Judge McCarthy was not identifying an independent basis to remand the matter but was instead proposing a means of further supplementing the record because "'[w]here there are gaps in the administrative record . . . we have, on numerous occasions, remanded to the [Commissioner]

for further development of the evidence.'" *Rosa v. Callahan*, 168 F.3d 72, 82–83 (2d Cir. 1999) (quoting *Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996)).

While a medical opinion concerning the impact of Plaintiff's medications on his ability to perform work-related functions might be useful, the Court does not conclude that there is a gap in the record based on absence of a medical opinion relating to Plaintiff's side effects. To be clear, the matter is being remanded to supplement the absence of any medical opinions to support an RFC determination in connection with Plaintiff's severe physical limitations. The lack of a medical opinion was dispositive of a gap in the record because the ALJ was not, as a lay person, capable of determining Plaintiff's RFC based on raw medical data where Plaintiff was suffering from severe conditions. There has been no argument that the side-effects of psychotropic medications independently constitute a severe condition that would trigger the need for medical opinions in connection with a RFC determination. Accordingly, the Court does not independently direct the ALJ to solicit a medical opinion relating to the side effects of Plaintiff's medication.

## CONCLUSION

For the reasons stated above, this Court adopts Judge McCarthy's R&R. Plaintiff's motion for judgment on the pleadings is GRANTED and Defendant's cross-motion for judgment on the pleadings is DENIED. This matter is REMANDED to the Commissioner for further administrative proceedings consistent with this Opinion, pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk of the Court is respectfully requested to terminate the motions at ECF Nos. 13 and 15. The Clerk of the Court is also respectfully directed to close this case.

Dated: September 20, 2021　　　　　　　　　　　　SO ORDERED:
White Plains, New York

_____
NELSON S. ROMÁN
United States District Judge